IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-2289

**CHRISTIAN HETTERICH and NICOLE HETTERICH**,

    Plaintiff,

**MARRIOTT INTERNATIONAL, INC., MARRIOTT VACATIONS WORLDWIDE CORPORATION, THE RITZ CARLTON HOTEL COMPANY, LLC, RITZ CARLTON DEVELOPMENT COMPANY D/B/A THE RITZ CARLTON DESTINATION CLUB, and RK INDUSTRIES, LLC**,

    Defendant.

## COMPLAINT WITH JURY DEMAND

The Plaintiffs, Christian Hetterich and Nicole Hetterich, by and through their counsel, Bowman Law, LLC, hereby complain against the Defendants, Marriott International, Inc., Marriott Vacations Worldwide Corporation, The Ritz Carlton Hotel Company, LLC Ritz Carlton Development Company d/b/a the Ritz Carlton Destination Club and RK Industries, LLC, averring in support thereof as follows:

## GENERAL ALLEGATIONS

1. The Plaintiffs, Christian Hetterich ("Mr. Hetterich") and Nicole Hetterich ("Mrs. Hetterich"), are adult individuals who currently reside in Frisco, Texas.

2. Upon information and belief, at all times relevant, Defendant Marriott International Incorporated ("Defendant MI"), is a foreign corporation organized with an office address of 10400 Fernwood Road, Bethesda, MD 20817 and registered agent, CT Corporation System located at 7700 East Arapahoe Road, Ste. 220, Centennial, CO 80122.

3. Upon information and belief, at all times relevant, Defendant Marriott Vacations Worldwide Corporation ("Defendant MVWC"), is a foreign corporation with an office address of 9002 San Marco Court, Orlando FL 32819 and registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington DE 19808.

4. Upon information and belief, at all times relevant, the Defendant the Ritz Carlton Hotel Company, LLC ("Defendant RCHC"), is foreign limited liability companies organized with an office address of 10400 Fernwood Road, Bethesda, MD 20817 and registered agent, Laticia Marie Washington, 620 Arroyo Vista Street, Denver CO 80249.

5. Upon information and belief, at all times relevant, the Ritz Carlton Development Company, d/b/a the Ritz Carlton Destination Club ("Defendant RCDC"), is a foreign corporation with an office address of 9002 San Marco Court, Orlando FL 32819 and registered agent, Corporation Service Company, 1900 West Littleton Boulevard, Littleton CO 80120.

6. Upon information and belief, at all times relevant, Defendant MVWC is a wholly owned subsidiary of Defendant MI.

7. Upon information and belief, at all times relevant, Defendant RCHC is a wholly owned subsidiary of Defendant MI.

8. Upon information and belief, at all times relevant, Defendant RCDC is a wholly owned subsidiary of Defendant MI.

9. Upon information and belief, at all times relevant, Defendant RCHC provides on-site management for the Ritz Carlton branded properties.[1]

10. Defendant RCDC provides luxurious vacation experiences commensurate with the legacy of the Ritz-Carlton brand.

11. Upon information and belief, at all times relevant, The Ritz Carlton Club Vail, located at 728 West Lionshead Circle, Vail, Colorado 81657 ("the Subject Property"), is one of multiple Ritz-Carlton Destination Club locations.

12. Upon information and belief, at all times relevant, Defendant RCHC provides on-site services for the Ritz Carlton Destination Club locations, which usually include daily maid service, valet, in-residence dining, and access to fitness facilities as well as spa and sports facilities as appropriate for each destination.[2]

13. Upon information and belief, at all times relevant, Defendant RCHC provides on-site services for the Defendant RCDC, as specifically referenced in Paragraph 12, including the Subject Property.

14. Upon information and belief, at all times relevant, Defendant RCHC manages the on-site operations for substantially all the Ritz-Carlton Destination Club properties under separate

---

[1] https://www.sec.gov/Archives/edgar/data/1524358/000119312514072130/d638198d10k.htm#tx638198_2 at p. 1 ¶ 8.
[2] https://www.sec.gov/Archives/edgar/data/1524358/000119312514072130/d638198d10k.htm#tx638198_2 at p. 5 ¶ 7.

management agreements with Defendant MVWC, or the relevant property owners' association or trust for each property.

15.     Upon information and belief, at all times relevant, pursuant to a management agreement between Defendant MVWC and Defendant RCHC, as specifically referenced in Paragraph 14, the on-site operations of the Subject Property is managed by Defendant RCHC.

16.     Upon information and belief, at all times relevant, RK Industries, LLC, ("Defendant RK") is a Colorado limited liability company, with its office address at 3800 Xanthia Street, Denver, CO 80238, and registered agent, Business Filings Incorporated, 7700 E Arapahoe Rd, Suite 220, Centennial, CO 80112.

17.     Venue in this United State District Court is proper pursuant to 28 U.S.C. 1332 because the damages exceed $75,000.00 and there is complete diversity of citizenship amongst the parties.

18.     Upon information and belief, at all times relevant, Defendants MI, MVWC, RCHC, and RCDC (Collectively "Defendants Owners") were in possession and control of the Subject Property.

19.     Upon information and belief, at all times relevant, Defendant Owners were responsible for the inspection, maintenance, and repair of the common elements and common areas of the Subject Property for the benefit of the patrons, such as Mr. Hetterich.

20.     Upon information and belief, at all times relevant, Defendants Owners had a duty to perform inspections and maintenance of the common areas, which included, but was not limited to, snow and ice removal and or prevention, that would foreseeably accumulate on the pool deck of the Subject Property.

21.     Upon information and belief, at all times relevant, Defendant RK performed all plumbing, piping, hydronics, sheet metal and snow melt for the construction of the Subject Property.[3]

## FACTUAL ALLEGATIONS

22.     On December 10, 2020, Mr. Hetterich was a paying guest in a residence of the Subject Property.

23.     On December 10, 2020, at approximately 7:30 pm, Mr. Hetterich was using the pool and hot tub located on the Subject Property.

24.     On the aforementioned date and time, the pool and hot tub were open to guests of the Subject Property.

---

[3] https://rkindustries.com/projects/vail-ritz-carlton-hotel-and-residences/

25. On the aforementioned date and time, it was dark outside.

26. On the aforementioned date and time, the pool deck was poorly lit.

27. On the aforementioned date and time, it was approximately 29ºF.

28. On the aforementioned date and time, while walking on the pool deck, Mr. Hetterich slipped and fell on ice and snow.

29. Defendants, by and through their agents, employees, servants and/or independent contractors, were responsible for ensuring the Subject Property was free of any hazardous conditions.

30. Defendants, by and through their agents, employees, servants and/or independent contractors, were responsible for remedying any hazardous conditions

31. When water accumulates on a surface in freezing weather (below 32 ºF), ice is likely to form.

32. Allowing ice to form on a walking surface can create an increased risk of an individual slipping and falling.

33. Defendants allowed water to accumulate and turn into ice on the pool deck at the Subject Property on the aforementioned date and time.

34. Defendants failed to satisfy their responsibility to create and maintain a safe and hazard free premises on the aforementioned date and time.

35. As a result of Defendants' failures to create and maintain a safe and hazard free premises, Mr. Hetterich sustained the following severe, painful and disabling injuries:

   a. Left quadricep tendon rupture requiring surgical repair;
   b. Left knee pain;
   c. Elbow laceration.

36. As a result of the injuries sustained on the aforementioned date and time, Mr. Hetterich has treated with, and has incurred medical bills from, various medical care providers, for which a claim is hereby made.

37. As a result of the injuries sustained on the aforementioned date and time, Mr. Hetterich was rendered sick, sore, disabled and sustained severe physical and mental pain, as well as great

discomfort, all of which required medical care and treatment as aforesaid for which a claim is hereby made.

38.     As a result of the injuries sustained on the aforementioned date and time, Mr. Hetterich has sustained a lost wage from his place of employment.

39.     As a result of the injuries sustained on the aforementioned date and time, Mr. Hetterich has sustained a loss of everyday pleasures and enjoyments of life, for which a claim is hereby made.

40.     As a result of the injuries sustained on the aforementioned date and time, Mr. Hetterich has been and will/may, for an indefinite time in the future, be unable to go about his usual and daily occupations and routines, for which a claim is hereby made.

41.     As a result of the injuries sustained on the aforementioned date and time, Mr. Hetterich has incurred out of pocket losses, for which a claim is hereby made.

## FIRST CLAIM FOR RELIEF
### (NEGLIGENCE – PLAINTIFFS v. DEFENDANTS OWNERS)

42.     The Plaintiffs incorporate herein by reference, as though the same were set forth at length, paragraphs 1 – 41 inclusive, above.

43.     The Defendants Owners by and through their agents, servants, employees and/or independent contractors had a duty to create and maintain the pool deck of the Subject Property in a safe and hazard free condition by properly removing snow and ice.

44.     The Defendants Owners by and through their agents, servants, employees and/or independent contractors had a duty to maintain the pool deck of the Subject Property in a safe and hazard free condition by preventing ice from forming with the use of the pool deck heating system.

45.     The Defendants Owners, by and through their agents, servants, employees and/or independent contractors, failed to exercise reasonable care in monitoring, controlling, remedying and/or warning individuals of any hazardous conditions existing on the pool deck of the Subject Property, specifically as it relates to the accumulation and mitigation of snow and ice on December 10, 2019.

46.     The Defendants Owners, by and through their agents, servants, employees and/or independent contractors, failed to exercise reasonable care to prevent injuries, damages or losses to its guests, more specifically, Mr. Hetterich.

47.     As a direct and proximate result of the negligence of Defendants' agents, servants, employees and/or independent contractors, Plaintiffs sustained injuries, damages and losses as set forth herein.

## SECOND CLAIM FOR RELIEF

**(NEGLIGENCE – PLAINTIFFS v. DEFENDANT RK)**

48.     The Plaintiffs incorporate herein by reference, as though the same were set forth at length, paragraphs 1 – 47 inclusive, above.

49.     The Defendant RK by and through their agents, servants, employees and/or independent contractors had a duty to create and maintain the pool deck of the Subject Property in a safe and hazard free condition by properly installing and maintaining snow removal construction on the Subject Property.

50.     The Defendant RK, by and through their agents, servants, employees and/or independent contractors had a duty to create and maintain the pool deck of the Subject Property in a safe and hazard free condition by properly installing and maintaining snow removal construction to prevent ice from forming with the use of the pool deck heating system.

51.     The Defendant RK,, by and through their agents, servants, employees and/or independent contractors, failed to exercise reasonable care in the installation and maintenance of the pool deck snow melt construction of the Subject Property c

52.     The Defendant RK, by and through their agents, servants, employees and/or independent contractors, failed to remedy, service and/or warning individuals of any hazardous conditions existing on the pool deck of the Subject Property, specifically as it relates to the accumulation and mitigation of snow and ice on December 10, 2019.

53.     The Defendant RK, by and through their agents, servants, employees and/or independent contractors, failed to exercise reasonable care to prevent injuries, damages or losses to its guests, more specifically, Mr. Hetterich.

54.     As a direct and proximate result of the negligence of Defendant RK's agents, servants employees and/or independent contractors, Plaintiffs sustained injuries, damages and losses as set forth herein.

**THIRD CLAIM FOR RELIEF**
**(PREMISES LIABILITY – PLAINTIFFS v. ALL DEFENDANTS)**

55.     The Plaintiffs incorporate herein by reference, as though the same were set forth at length, paragraphs 1 – 54 inclusive, above.

56.     Mr. Hetterich was invited onto the Subject Property as a paying guest.

57.     On December 10, 2019, Mr. Hetterich was injured while walking on the pool deck of the Subject Property when suddenly and without warning, he slipped and fell on ice and snow, a dangerous and hazardous condition on the property.

58.     Mr. Hetterich suffered bodily injuries, damages and losses as a result of the slip and fall.

59.     Defendants were the owners and/or in possession and/or control of the pool deck of the Subject Property.

60.     As owners and/or in possession and/or control of the pool deck of the Subject Property, Defendants were legally responsible for ensuring the pool deck of the Subject Property was free of ice and snow at the time of Mr. Hetterich's fall.

61.     Defendants, by and through its agents, servants, employees and/or independent contractors, failed to exercise reasonable care in installing, monitoring, controlling, remedying, preventing and/or warning individuals of hazardous conditions existing on the pool deck of the Subject Property, specifically as it relates to snow and ice accumulation in the location of Mr. Hetterich's fall on December 10, 2019, for which it knew or had reason to know such hazard existed.

62.     Defendants, by and through its agents, servants, employees and/or independent contractors, failed to exercise reasonable care in warning individuals of the accumulation of snow and ice on the pool deck of the Subject Property, in the location of Mr. Hetterich's fall on December 10, 2019, which said condition was not ordinarily present on the pool deck.

63.     Defendants, by and through its agents, servants, employees, and/or independent contractors, created the hazardous condition on the pool deck of the Subject Property where Mr. Hetterich fell on December 10, 2019.

64.     Defendants' failures caused Plaintiffs to suffer injuries, damages and losses.

## FOURTH CLAIM FOR RELIEF
### (LOSS OF CONSORTIUM – PLAINTIFF MRS. HETTERICH v. ALL DEFENDANTS)

65.     The Plaintiffs incorporate herein by reference, as though the same were set forth at length, paragraphs 1 – 64 inclusive, above.

66.     Plaintiff Mrs. Hetterich is the wife of Plaintiff Mr. Hetterich, who was injured as a result of the carelessness and negligence of the Defendants.

67.     As a result of the injuries sustained by her husband, Mrs. Hetterich has incurred a loss of society, companionship, aid and comfort, and services of her spouse, for which a claim for consortium is hereby made.

## JURY DEMAND

WHEREFORE, the Plaintiffs pray that they recover from the Defendants compensatory damages that they have suffered by virtue of the acts and omissions alleged above, for costs, witness fees, expert witness fees, interest as provided by the rules, laws or statutes, for attorney's fees as may be allowed by Order of this Court, for an amount which reasonably compensates them for past and future economic losses, past and future medical expenses, permanent impairments, permanent disfigurement, injuries and disabilities, for an amount which will reasonably

compensate Plaintiffs for past and future pain, suffering, and loss of enjoyment of life and/or capacity of life, and for such other and further relief as shall deem just and proper by this Court.

Plaintiff requests a jury trial.

Dated: September 6, 2022

Respectfully submitted,

| BOWMAN LAW, LLC | ANZALONE LAW OFFICES |
|---|---|
| */s/ Jerry R. Bowman* | */s/ Alana M. Anzalone* |
| Jerry R. Bowman, #43457 | Alana M. Anzalone, #45711 |
| 2727 Bryant Street, Suite 102 | 2727 Bryant Street, Suite 540 |
| Denver, CO 80211 | Denver, CO 80211 |
| Ph: 720-863-6904 | Ph: 570-270-4709 |
| Email: bowman@copihelp.com | Email: alana.anzalone@anzalonelaw.com |
| *Attorney for Plaintiff* | *Co-counsel for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2022, I presented the foregoing **COMPLAINT WITH JURY DEMAND** to the Clerk of the Court for filing an uploading to the PACER system.

*/s/ Cameron Sramek*
Cameron Sramek